IN THE SUPREME COURT OF THE STATE OF MONTANA

No. **84-303**

FILED

MAR - 7 2000

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE PROPOSED RULES OF        )
PROFESSIONAL CONDUCT ON        )        O R D E R
THE SALE OF A LAW PRACTICE     )

The State Bar of Montana has tiled in this Court a petition to amend the Montana Rules of Professional Conduct to allow for the sale of a lawyer's client files and goodwill in addition to the physical assets of a law practice and of accounts receivable of a retiring or deceased lawyer. The proposed revisions are modeled on the American Bar Association (ABA) model rule 1.17 and corresponding changes to rules 5.4, 5.6, and 7.2 of the ABA's model rules.

In May 1998, the Court ordered the proposed revisions published and allowed a comment period on them. Only one comment has been received, and the Court has considered it.

The Court now having fully considered the proposed changes,

IT IS HEREBY ORDERED:

1. By and under the authority vested in the Supreme Court of the State of Montana in Article VII, Section 2(3), of the Montana Constitution, we hereby promulgate and adopt Rule 1.19, and amend Rules 5.4, 5.6, and 7.2 of the Montana Rules of Professional Conduct as set forth in the attachment to this Order. The attachment sets forth the new Rule 1.19 in its entirety. In Rules 5.4, 5.6, and 7.2, new language added is underlined; language to be deleted is interlineated.

2. The Rules as herein adopted and amended shall be in full force and effect as of May 1, 2000, as part of the Rules of Professional Conduct adopted by this Court.

3. A copy of this Order, including the attachment setting forth the new and revised

rules, shall be published in the Montana Reports as soon as practically possible. The Clerk of this Court shall forward copies of this Order and Rules to West Company; to the State Bar of Montana, with the request that it be published in the earliest possible issue of the Montana *Lawyer;* to the Montana Legislative Services Division; to each district judge in the State of Montana; to each clerk of district court in the State of Montana; to each federal district judge sitting in the District of Montana; and to the Clerk of the United States District Court for the District of Montana.

Dated this 7th day of March, 2000.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

# AMENDMENTS TO THE RULES OF PROFESSIONAL CONDUCT

## RULE 1.19 - Sale of Law Practice

A lawyer or a law firm may sell or purchase a law practice, including goodwill, if any, if the following conditions are satisfied:

(a)     The seller ceases to engage in the private practice of law in the geographic area in which the practice has been conducted;

(b)     The practice is sold as an entirety to another lawyer or law firm;

(c)     Actual written notice is given to each of the seller's clients regarding:

    (1)     the proposed sale;

    (2)     the terms of any proposed change in the fee arrangement authorized by paragraph (d);

    (3)     the client's right to retain other counsel or to take possession of the client's file; and

    (4)     the fact that the client's consent to the sale will be presumed if the client does not take any action or does not otherwise object within ninety (90) days of receipt of the notice of the proposed sale.

(d)     If a client cannot be given notice, the representation of that client may be transferred to the purchaser only upon entry of an order so authorizing by a court having jurisdiction. The seller may disclose to the court in camera information relating to the representation only to the extent necessary to obtain an order authorizing the transfer of a file.

(e)     The fees charged clients shall not be increased by reason of the sale. The purchaser may, however, refuse to undertake the representation unless the client consents to pay the purchaser's fees at a rate not exceeding the fees charged by the purchaser for rendering substantially similar services prior to the initiation of the purchase negotiations.

RULE 5.4 - Professional Independence of a Lawyer

(a)    A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

(1)    an agreement by a lawyer with the lawyer's firm, partner, or associate may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;

(2)    a lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer; and

(2)    a lawyer or law firm who ourchases the practice of a deceased, disabled or disauoeared lawver mav. pursuant to the arovisions of Rule 1.19, pav to the estate or other representative of that lawver the agreed-upon purchase price: and

(3)    a lawyer or law firm may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

(b)    A lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law.

(c)    A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

(d)    A lawyer shall not practice with or in the form of a professional corporation, limited liability company, or association authorized to practice law for a profit, if:

(1)    a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration;

(2)    in the case of a professional corporation, a nonlawyer is a corporate director or officer thereof;

(3)    in the case of a limited liability company, a nonlawyer is a manager of the limited liability company;

4

(4)    a nonlawyer had the right to direct or control the professional judgment of a lawyer.

RULE 5.6 - Restrictions on Right to Practice

A lawyer shall not participate in offering or making:

(a) an ~~partnership or employment~~ agreement that restricts the rights of a lawyer to practice law after termination of the a practice relationship, except an agreements concerning benefits upon retirement; and except in situations involving sale of a law practice, or part thereof, as described in Rule 1.19, or

(b)    an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties.

RULE 7.2 - Advertising

(a)    Subject to the requirements of Rule 7.1, a lawyer may advertise services through public media, such as a telephone directory, legal directory, newspaper or other periodical, outdoor, radio or television, or through written communication not involving solicitation as defined in Rule 7.3

(b)    A copy or recording of an advertisement or written communication shall be kept for two years after its last dissemination along with a record of when and where it was used.

(c)    A lawyer shall not give anything of value to a person for recommending the lawyer's services, except that a lawyer may

(1) pay the reasonable cost of advertis~~ing~~ements or ~~written~~ communications permitted by this rule; ~~and may~~

(2)    pay the usual charges of a not-for-profit lawyer referral service or other legal service organization; and

(3)    pay for a law practice in accordance with Rule 1.19.

(d)    Any communication made pursuant to this rule shall include the name of at least one lawyer responsible for its content.

5